IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

FILED MAY 15 2014

| | | |
|---|---|---|
| JOHN KEYS | : | CIVIL ACTION |
| v. | : | |
| CURRAN-FROMHOLD CORRECTIONAL FACILITY | : | NO. 14-1757 |

MEMORANDUM

SHAPIRO, J.                                             May /5, 2014

Plaintiff John Keys, a prisoner at the State Correctional Institution at Mahanoy, brings this pro se civil rights action, pursuant to 42 U.S.C. § 1983, against the Curran-Fromhold Correctional Facility ("CFCF"). He seeks to proceed in forma pauperis. For the following reasons, the Court will grant plaintiff leave to proceed in forma pauperis and dismiss his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

I.  FACTS

Plaintiff alleges that he was incarcerated in a three-man cell at CFCF and made to sleep on a "boat bed on the floor," during the time period from 2000-2002 and 2004-2006. (Compl. ¶¶ II & III.) As a result of the triple-celling, plaintiff alleges that he suffers from depression and physical pain. He seeks $400,000 in damages.

II. STANDARD OF REVIEW

Plaintiff is granted leave to proceed in forma pauperis because he has satisfied the criteria set forth in 28 U.S.C. § 1915. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the complaint if it fails to state a claim.

ENTERED

MAY 16 2014

CLERK OF COURT

1

Whether a complaint fails to state a claim under § 1915(e) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), see Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotations omitted). Additionally, the Court may dismiss the complaint based on an affirmative defense if the affirmative defense is obvious from the face of the complaint and no further development of the record is necessary. See Fogle v. Pierson, 435 F.3d 1252, 1258 (10th Cir. 2006); cf. Ball v. Famiglio, 726 F.3d 448, 459 (3d Cir. 2013). As plaintiff is proceeding pro se, the Court must construe his allegations liberally. Higgs v. Att'y Gen., 655 F.3d 333, 339 (3d Cir. 2011).

### III. DISCUSSION

Plaintiff has not stated a claim because a correctional facility such as CFCF, the only named defendant, is not a "person" subject to suit under the civil rights laws. See Regan v. Upper Darby Twp., Civ. A. No. 06-1686, 2009 WL 650384, at *4 (E.D. Pa. Mar. 11, 2009). In any event, plaintiff's claims are barred by the statute of limitations. In § 1983 actions, federal courts apply the statute of limitations governing personal injury claims in the state where the cause of action arose. Wallace v. Kato, 549 U.S. 384, 387 (2007). In Pennsylvania, where plaintiff's claims arose, the relevant statute of limitations is

two years. See 42 Pa. Cons. Stat. § 5524. The limitations period began running "when the plaintiff knew or should have known of the injury upon which [his] action is based." Sameric Corp. v. City of Phila., 142 F.3d 582, 599 (3d Cir. 1998). Pursuant to the prison mailbox rule, a prisoner's complaint is considered filed at the time he hands it over to prison authorities for forwarding to the Court. See Houston v. Lack, 487 U.S. 266, 276 (1988).

Here, plaintiff is seeking damages for alleged constitutional violations based on the fact that he was confined in a three-man cell at times between 2000 and 2006. During that time period, plaintiff must have been aware that he was confined in a three-man cell and that he was in pain from sleeping on the boat bed. However, he did not file this action until January 8, 2014, the date on which he delivered his complaint to prison authorities for mailing, which is more than two years beyond the most recent acts giving rise to his claims. Accordingly, it is apparent from the face of the complaint that plaintiff's claims are time-barred. The Court will therefore dismiss plaintiff's claims.

A district court should generally provide a pro se plaintiff with leave to amend unless amendment would be inequitable or futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002). Here, amendment would be futile because plaintiff's claims are barred by the statute of limitations and there is no apparent basis for tolling. Accordingly, plaintiff

will not be permitted to file an amended complaint.

**IV. CONCLUSION**

For the foregoing reasons, plaintiff's complaint is dismissed. An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN KEYS | : CIVIL ACTION |
| v. | : |
| CURRAN FROMHOLD CORRECTIONAL FACILITY | : NO. 14-1757 |

O R D E R

AND NOW, this *15th* day of ~~April~~ *May*, 2014, upon consideration of plaintiff's motion to proceed in forma pauperis and his pro se complaint, IT IS ORDERED that:

1. Plaintiff's motion to proceed in forma pauperis is GRANTED.

2. Plaintiff, John Keys, #KS-7690, shall pay in installments the full filing fee of $350. Based on the financial information provided by plaintiff, an initial partial filing fee of $16.69 is assessed. The Superintendent or other appropriate official at the State Correctional Institution at Mahanoy or at any other prison at which plaintiff may be incarcerated is directed to deduct $16.69 from plaintiff's inmate trust fund account, when such funds become available, and forward that amount to the Clerk of the United States District Court for the Eastern District of Pennsylvania, 2609 U.S. Courthouse, Philadelphia, PA 19106, to be credited to Civil Action No. 14-1757. After the initial partial filing fee is collected and until the full filing fee is paid, the Superintendent or other appropriate official at the State Correctional Institution at Mahanoy or at any prison at which plaintiff may be incarcerated, shall deduct from plaintiff's account, each time that plaintiff's

inmate trust fund account exceeds $10, an amount no greater than 20 percent of the money credited to his account during the preceding month and forward that amount to the Clerk of Court at the address provided above to be credited to Civil Action No. 14-1757.

    3.    Plaintiff's complaint is DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for the reasons discussed in the Court's Memorandum.

    4.    The Clerk of Court is directed to send a copy of this order to the Superintendent of the State Correctional Institution at Mahanoy.

    5.    The Clerk of Court shall CLOSE this case.

**BY THE COURT:**

*[signature]*
Norma L. Shapiro
United States District **Judge**